IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 20-cv-178 |
| MARLENA WHITING and MARTHA WHITING, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT IN INTERPLEADER

Comes now Plaintiff, Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), by counsel, and for its Complaint in Interpleader states as follows:

## PARTIES

1. MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Indiana.

2. Upon information and belief, Defendant Marlena Whiting ("Marlena") is the daughter of James Whiting (the "Decedent"), and she resides in Merrillville, Indiana, located in Lake County, Indiana.

3. Upon information and belief, Defendant Martha Whiting ("Martha") is the surviving spouse of the Decedent, and she resides in Chicago, Illinois.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the

United States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because one or more defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

6. The Decedent was an employee of General Motors Corporation ("GM") and a participant in the General Motors Group Life and Disability Program for Hourly Employees (the "Plan"), an ERISA-governed employee welfare benefit plan sponsored by GM, and funded by group life insurance policy # 15500-G (the "Policy") issued by MetLife. A true and correct copy of the Plan documents are attached hereto as Exhibit A (bates #Plan 1-96).

7. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D).

8. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

9. The Plan establishes the right of a Plan participant to name his or her beneficiary. See Exhibit A, bates # Plan 5-6, 19.

10. The most recent accepted beneficiary designation form on file is dated September 2, 2015, naming Marlena as the sole, primary beneficiary (hereafter the "9/2/15 Beneficiary Designation"). A true and correct copy of the 9/2/15 Beneficiary Designation is attached hereto as Exhibit B.

11. The only other prior accepted beneficiary designation form on file named Decedent's son, Dennis Whiting, as the primary beneficiary and no secondary beneficiaries were

named. However, Dennis Whiting predeceased the Decedent. A true and correct copy of the prior and only other beneficiary designation form on file is attached hereto as Exhibit C.

12.     The Plan provides that when there is no accepted beneficiary designation on file naming a valid beneficiary at the time of the death of the Plan participant, benefits are payable pursuant to the beneficiary provisions in the Plan. See Exhibit A, bates # Plan 5-6, 19. Specifically, if the plan participant was married at the time of death, benefits are payable to the surviving spouse. *Id*.

13.     The Decedent died primarily as a result of cerebrovascular accident on March 3, 2019.  A true and correct copy of the death certificate for Decedent is attached hereto as Exhibit D.

14.     At the time of his death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of SIXTEEN THOUSAND, FIVE HUNDRED THIRTY DOLLARS ($16,530.00) (the "Plan Benefits").  The Plan Benefits became payable upon the Decedent's death, pursuant to the terms of the Plan.

15.     Another daughter of Decedent, Audrie Whiting, contested the Plan Benefits being paid pursuant to the 9/2/15 Beneficiary Designation, because she claimed the Decedent was not competent due to dementia at the time the beneficiary designation form was completed.

16.     MetLife sent a pre-interpleader letter to Marlena and Martha for the contested Plan Benefits.

17.     To date, the parties have not reached an agreement regarding the contested Plan Benefits.

18. MetLife cannot determine whether a court would find that the 9/2/15 Beneficiary Designation is valid, especially based on Audrie Whiting's contentions that the Decedent was not competent at the time the 9/2/15 Beneficiary Designation was completed.

19. If a court were to determine that the 9/2/15 Beneficiary Designation is valid, then the Plan Benefits would be payable to Marlena.

20. If a court were to determine that the 9/2/15 Beneficiary Designation is invalid, then the Plan Benefits would be payable in accordance with the beneficiary provisions in the Plan, and as such, the Plan Benefits would be payable to Martha as Decedent's surviving spouse.

21. MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, GM, the Plan, and the Policy to multiple liability.

22. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

23. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant the Court shall designate.

24. MetLife is ready and willing to deposit with the Clerk of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife requests the Court:

(i) Permit MetLife to pay to the Clerk of the Court the Plan Benefits, including any applicable interest due and owing under the terms of the Plan and/or Policy;

  (ii) Upon receipt of the Plan Benefits by the Clerk of the Court, and upon MetLife's filing of a Motion to Dismiss, dismiss MetLife with prejudice from this action, and discharge MetLife, GM, the Plan, and the Policy from any further liability for the Plan Benefits;

  (iii) Require that the Defendants litigate or settle and adjust between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits should be paid; and

  (iv) Award MetLife its costs and attorney's fees incurred in this action.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.


        By: _s/ Tina M. Bengs_
        Tina M. Bengs, IN Bar No. 19751-64
        56 S. Washington St., Suite 302
        Valparaiso, IN 46383
        Phone: 219-242-8664
        Fax: 219-242-8669
        tina.bengs@ogletree.com

        ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that the foregoing *COMPLAINT IN INTERPLEADER* was filed electronically on May 1, 2020 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

    None

I further certify that service was made on the following non-registered parties of record by placing copies of the foregoing *COMPLAINT IN INTERPLEADER* in envelopes properly addressed to them and with sufficient first-class postage pre-paid and by FedEx:

    Marlena Whiting
    932 West 52nd Drive, Apt. M332
    Merrillville, IN 46410

    Martha Whiting
    10052 S. Yale Ave.
    Chicago, IL 60628

*s/ Tina M. Bengs*
Tina M. Bengs

42642384.1